IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRENT WILLIAM MANNY,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, CHRIS CONELL, KEVIN HART, BLAIR HOPKINS, HEIDI ABBOT, RODNEY JOHNSON, MIKE MILLER, and CHAD MILBRANDT,<br><br>Defendants. | CV 17-00005-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Brent Manny's Complaint filed under 42 U.S.C. § 1983. Mr. Manny alleges Defendants violated his state and federal rights by transferring him to an institution where he was not able to receive sex offender treatment. (Doc. 2.) The Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## I. STATEMENT OF CASE

### A. Parties

Mr. Manny is a prisoner incarcerated at Montana State Prison. The named Defendants are Leroy Kirkegard, Warden, Montana State Prison; Chris Conell,

1

D-Unit Manager; Sergeant Kevin Hart, D-Unit Sergeant; Blair Hopkins, Programs Director for SOP (Sex Offender Program) I & II; Heidi Abbot, Medical Discharge Planner for the Prison Infirmary; LLS (Lead Security Supervisor) Lieutenant Rodney Johnson; C/O Chad Milbrandt; and C/O Mike Miller.

### B. Allegations

Mr. Manny pleaded guilty to sexual abuse of children and was sentenced to 20 years with the Montana Department of Corrections with 20 years suspended on January 12, 2007. (Compel Brief, Doc. 2-8 at 7.) A petition for revocation of his suspended sentenced was filed on October 29, 2012 and his suspended sentence was revoked on March 26, 2013. (Judgment on Revocation of Suspended Sentence, Doc. 2-3.)

He arrived at Montana State Prison on April 14, 2013, (Compel Brf., Doc. 2-8 at 9) and was approved for SOP II treatment on July 2, 2013. (Treatment Request, Doc. 2-2). On December 9, 2013, Mr. Manny was enrolled in SOP II but on December 12, 2013, he was transferred to the Lewiston Infirmary which does not offer sex offender treatment. (Complaint, Doc. 2 at 7.)

Mr. Manny appeared before the Montana Parole Board on July 21, 2015. (Compel Brf., Doc. 2-8 at 13.) His request for parole was denied based upon the nature or severity of his offense, his poor history in community placement, and

2

strong objection from criminal justice authorities and/or citizenry.  The Board indicated the following needs would enhance Mr. Manny's chances of success on parole:  SOP II, anger management, and mental health treatment.  The Board specifically remarked, "If unable to transfer to MSP request a return or request a return upon completion of SOP II."  Mr. Manny has a progress review date of July 2017.  (Board Case Disposition, Doc. 2-6 at 2.)

Upon his return from his parole hearing, Mr. Manny requested a return back to MSP to be placed back into his SOP II program.  In October 2015, Mr. Manny prepared a motion to compel seeking an order from the Ravalli County District Court requiring the DOC to transfer him back to MSP.  He submitted the motion to prison officials for mailing but when his mother called the Clerk of Court six to seven weeks later they were informed that the Clerk's Office had not received the motion.  He submitted a second motion to compel for mailing on December 9, 2015.  Although this motion was not received by the Clerk's Office in Ravalli County either, he was transferred back to MSP on December 23, 2015. (Complaint, Doc. 2 at 10-11.)  A June 13, 2016 Classification Summary reflects Mr. Manny's "active enrollment" into his two-year commitment in SOP II. (Complaint, Doc. 2 at 12.)

Mr. Manny alleges he would have already completed SOP II and been

released from prison two years earlier if he had not been transferred to the Lewistown Infirmary. *Id.*

He alleges violation of his due process rights, double jeopardy rights, and equal protection rights. (Complaint, Doc. 2 at 14.) He seeks an order from this Court requiring that the state find him "parole eligible" immediately and that he be allowed to complete his SOP II group as an outpatient in Hamilton, Montana. (Complaint, Doc. 2 at 19.) He also seeks compensatory damages in the amount of $400,000.00 and $100,000.00 in punitive damages. (Complaint, Doc. 2 at 20.)

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

As Mr. Manny is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915, 1915A. These statutes require the Court to review a complaint filed in forma paueris and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

In *Heck v. Humphrey*, 512 U.S. 477 (1994) the Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486–87. Although Mr. Manny phrases the relief he seeks in terms of parole eligibility, he is and has been parole eligible since July 2015. What he really challenges is the decision of the parole board to deny his parole in 2015. Mr.

5

Manny cannot challenge a decision of the parole board to deny his parole because it would necessarily implicate the validity of the denial of parole and therefore his continuing confinement. This is clearly prohibited by doctrine set forth in *Heck*, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (Section 1983 action based on allegation that parole board relied on false information to deny parole dismissed because "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole.")

     Mr. Manny is challenging the denial of his parole–not his parole eligibility. He is challenging the Board's decision to deny him parole and their suggestion that he obtain SOP II treatment. He cannot make such a challenge in a civil action filed under 42 U.S.C. § 1983. Mr. Manny's claims would necessarily imply the validity of his continued confinement and as such cannot be brought unless or until his conviction or sentence is reversed, expunged, invalided or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487. As such, Mr. Manny has failed

to state a cognizable claim under section 1983.[1]

## III. STATE LAW CLAIMS

Should Judge Christensen adopt the recommendation to dismiss Mr. Manny's federal claims, the Court should exercise its discretion and decline to exercise supplemental jurisdiction over the remaining claims brought under state law as all federal claims will have been dismissed and such is appropriate in the circumstances of this case. 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims' " (citation omitted)).

This Court has not invested its judicial energies as to the state-law claims to

---

[1] Mr. Manny argues the March 26, 2013 Judgment on Revocation of Suspended Sentence ordered him to complete sex offender treatment. (Complaint, Doc. 2 at 8.) In his compel brief, Mr. Manny argued that Mont. Code Ann. § 46-18-201(3) applies which provides: "A person who has been ordered to enroll in and successfully complete a phase of a state prison's sexual offender treatment program is not eligible for parole unless that phase of the program has been successfully completed as certified by a sexual offender evaluator to the board of pardons and parole." But Mr. Manny's judgment does not order that he successfully complete <u>the prison's</u> sex offender treatment. Rather it requires as a condition of release that he complete a qualified sex offender program approved by his probation officer. (Judgment, Doc. 2-3 at 7.) Mont. Code Ann. § 46-18-201(3) is not applicable in this case.

such an extent that would justify retaining jurisdiction. Nor is it apparent that judicial economy would be served by retaining jurisdiction over this case. Although it might be more convenient for Mr. Manny if the Court retained jurisdiction, fairness and comity would be served by declining jurisdiction.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Manny's federal claims for relief should be DISMISSED for failure to state a claim.

2. The Court should decline to exercise supplemental jurisdiction over the remaining claims brought under state law and all state law claims should be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c)(3).

3. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Manny may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of July 2017.

                                                       */s/ John Johnston*
                                                       John Johnston
                                                       United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.