

FILED
SEP 0 5 2017
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| BRENT WILLIAM MANNY,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, CHRIS CONELL, KEVIN HART, BLAIR HOPKINS, HEIDI ABBOT, RODNEY JOHNSON, MIKE MILLER, and CHAD MILBRANDT,<br><br>Defendants. | CV 17-05-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this case on July 17, 2017, recommending that Plaintiff Brent William Manny's ("Manny") Complaint under 42 U.S.C. § 1983 be dismissed due to a failure to state a claim. Manny timely filed an objection to the Findings and Recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(c). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## BACKGROUND

In January 2007, Manny pled guilty to sexual abuse of children and was sentenced to 20 years with the Montana Department of Corrections. Manny arrived at the Montana State Prison ("MSP") in April 2013 and was approved for the Sex Offender Program II ("SOP II") in July 2013. On December 9, 2013, Manny was enrolled in the SOP II program. However, on December 12, 2013, Manny was transferred to the Lewistown Infirmary which does not offer sex offender treatment.

On July 21, 2015, Manny appeared before the Montana Parole Board ("Board"), which denied his request for parole based upon the nature or severity of his offense, his poor history in community placement, and his strong objection from criminal justice authorities and citizenry. (Doc. 2-8 at 13.) The Board proposed that Manny's chances of success to be paroled would likely be enhanced with completion of the SOP II, anger management, and mental health treatment. Upon returning from his parole hearing, Manny requested to return to MSP in order to be placed back into the SOP II. He was ultimately transferred back to

MSP on December 23, 2015.

Manny maintains that he would have already completed his SOP II program two years earlier if he had not been transferred to the Lewistown Infirmary; thus, he contends he would have already been paroled and released from prison. (Doc. 2 at 10-12.)

Manny filed a civil rights petition against the following defendants: Leroy Kirkegard, Chris Conell, Kevin Hart, Blair Hopkins, Heidi Abbot, Rodney Johnson, Mike Miller, and Chad Milbrandt. Manny alleges violations of his due process rights, double jeopardy rights, and equal protection rights. (Doc. 2 at 14.) He seeks an order from this Court requiring the state to find him "parole eligible" immediately and that he be allowed to complete his SOP II program as an outpatient in Hamilton, Montana. (Doc. 2 at 19.) He further seeks compensatory damages in the amount of $400,000, and $100,000 in punitive damages. (Doc. 2 at 20.)

## DISCUSSION

### I. SOP II Program

Having reviewed Manny's objections, the Court finds that Manny failed to state a claim upon which relief may be granted. Manny's first objection reiterates his argument that the two years spent at the Lewistown Infirmary had prevented

his parole release, when, in fact, the Board denied parole based upon the nature or severity of his offense, his poor history in community placement, and his strong objection from criminal justice authorities and citizenry. The Board merely indicated that additional SOP treatment would enhance Manny's parole eligibility. This is not a definite determination that parole would have occurred. Thus, the time spent at the Lewistown Infirmary was not a contributing factor in the Board's decision to deny Manny's parole.

Manny cannot challenge the decision of the Board because it would necessarily denounce the validity of the denial of parole and his continuing confinement. In *Butterfield v. Bail*, the Ninth Circuit concluded that

> [A] challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement. Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole.

120 F.3d 1023, 1024-25 (9th Cir. 1997). Further, the Ninth Circuit determined that this is true regardless if the denial is alleged to be improper due to procedural defects in the parole hearing or due to allegations that parole was improperly denied on the merits. *Id.; see also Heck v. Humphrey*, 512 U.S. 477 (1994) (concluding that a § 1983 claim is not appreciable because allegations were similar to malicious prosecution action which includes as an element a finding that

the criminal proceeding was concluded in plaintiff's favor.) Here, Manny's § 1983 claims would imply the validity of his continued confinement, thus his claim cannot be brought unless or until his conviction or sentence is reversed, expunged, invalided or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487. Thus, the Court agrees with Judge Johnston that Manny has failed to state a claim upon which relief may be granted and that dismissal is appropriate.

## II. Supplemental Jurisdiction over State Law Claims

District courts tend to decline exercising supplemental jurisdiction over remaining state law claims when all federal law claims have been dismissed. 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). To retain jurisdiction over Manny's remaining state law claims would hinder judicial economy, fairness, and comity. This Court declines to exercise supplemental jurisdiction over the remaining state law claims, and further agrees that all state law claims should be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 10) is ADOPTED IN FULL. Manny's federal claims for relief are DISMISSED for failure to state a claim. This Court declines to exercise supplemental jurisdiction over the remaining claims brought under state law and

all state law claims are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c)(3).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 5th day of September, 2017.

Dana L. Christensen, Chief Judge
United States District Court